JOHN A. BYRD v. R. W. WILKINS, JR., COMMISSIONER OF MOTOR VEHICLES OF NORTH CAROLINA

No. 8318SC903

(Filed 3 July 1984)

Administrative Law § 8; Automobiles § 2.4— drunk driving—breathalyzer test—
    smoking as willful refusal to take—revocation of license—court's vacating of
    revocation order improper
        Where respondent revoked petitioner's driver's license after determining
    that he had willfully refused to submit to a breathalyzer test following his ar-
    rest for driving under the influence, the trial court erred in vacating the
    revocation order on the ground that petitioner's conduct in smoking, despite
    the breathalyzer operator's repeated instructions not to do so, did not con-
    stitute refusal to take the test, since the court's conclusion, in light of the find-

ing on which it was grounded (that the operator had no reason to believe smoking would affect the reading), was to review judicially, and negate, a duly enacted regulation of the Commission for Health Services; such review is authorized only upon evidence from which the court can find fraud, manifest abuse of discretion, conduct in excess of lawful authority, or unreasonableness amounting to oppressive and manifest abuse; and no such evidence appeared in this case.

APPEAL by respondent from *McLelland, Judge.* Order entered 6 January 1983 in Superior Court, COLUMBUS County. Heard in the Court of Appeals 10 May 1984.

Pursuant to G.S. 20-16.2, respondent revoked petitioner's license to drive after determining that he had willfully refused to submit to chemical analysis following his arrest for driving while under the influence of alcohol. The trial court, upon hearing *de novo* under G.S. 20-16.2(e), vacated the revocation order on the ground that petitioner's conduct did not constitute a willful refusal since it could not have affected the breathalyzer test results.

From this order, respondent appeals.

*Attorney General Edmisten, by Assistant Attorney General Jane P. Gray, for respondent appellant.*

*Musselwhite, Musselwhite & McIntyre, by W. Edward Musselwhite, Jr., for petitioner appellee.*

WHICHARD, Judge.

Neither party has excepted to the following finding of fact, which evidence admitted without objection supports:

4. That Petitioner was offered a breathalyzer test at the law enforcement center and was told, inter alia, that he would be observed for twenty minutes before the test would be administered and that during such time he must put nothing in his mouth; that he took out a cigaret [sic] and was told by the officer that since he must put nothing in his mouth, he might not smoke, and he did not; that Petitioner, being very agitated, twice further started to smoke and refrained on being further admonished; that Petitioner was specifically admonished that if he smoked, the test would not be administered and his refusal to follow the directive of the officer in such particular would be counted a willful refusal to

take the breathalyzer test and would result in suspension of his driver[']s license; that Petitioner, understanding the admonition, smoked a cigaret [sic], and the breathalyzer operator refused to administer the test, stating that he regarded Petitioner as wilfully refusing to take it, although Petitioner, after smoking, requested its administration.

Respondent has excepted, however, to the following further finding and conclusion, on the basis of which the trial court vacated respondent's revocation of petitioner's license to drive for willful refusal to take a breathalyzer test:

5. That the breathalyzer operator has no reason to believe from his training in the use of the machine that cigaret [sic] smoke has any effect on its operation, and believes that the reading would not be varied by the inhalation of cigaret [sic] smoke before the test, barring, of course, the blowing of smoke into the machine.

The court concludes from these findings that the willful refusal of Petitioner to follow the directive of the breathalyzer operator to refrain from smoking did not constitute a refusal to take the breathalyzer test.

We hold the conclusion erroneous, and accordingly reverse.

G.S. 20-139.1(b), in pertinent part, provides:

A chemical analysis, to be valid, must be performed in accordance with the provisions of this section. The chemical analysis must be performed according to methods approved by the Commission for Health Services. . . . The Commission for Health Services is authorized to adopt regulations approving satisfactory methods or techniques for performing chemical analyses . . . .

"Judicial notice must be taken . . . of important administrative regulations having the force of law." 1 H. Brandis, North Carolina Evidence § 12, at 35-36 (1982); see also, e.g., Lutz Industries, Inc. v. Dixie Home Stores, 242 N.C. 332, 338, 88 S.E. 2d 333, 337 (1955). We take judicial notice that, pursuant to the foregoing statute, the Commission for Health Services has adopted the following regulation on the procedure to be followed in administering breathalyzer tests:

> A chemical analyst shall observe the person to be tested closely and continuously for at least 20 minutes immediately prior to collection of the breath specimen, during which period the person must not have ingested alcoholic beverages or other fluids, regurgitated, vomited, eaten or smoked.

10 NCAC 7B:0336 (1982) (succeeding sections relate to different types of breathalyzer machines; all contain the quoted provision). "When discretionary authority is vested in [a] commission, the Court has no power to substitute its discretion for that of the commission; and, in the absence of fraud, manifest abuse of discretion or conduct in excess of lawful authority, the court has no power to intervene." *Pharr v. Garibaldi*, 252 N.C. 803, 811-12, 115 S.E. 2d 18, 24-25 (1960); *see also Highway Commission v. Board of Education*, 265 N.C. 35, 48, 143 S.E. 2d 87, 97 (1965) ("exercise . . . of such discretionary authority and powers is not subject to judicial review, unless . . . so clearly unreasonable as to amount to oppressive and manifest abuse").

Finding number five, *supra*, on the basis of which the court concluded that petitioner's willful refusal to follow the directive to refrain from smoking did not constitute a refusal to take the test, was based on the following testimony by the breathalyzer operator:

> I don't know whether two or three puffs would have gummed up the machine. I can't testify as to whether or not tobacco smoke has any effect on the machine. As to whether or not I am taught that the only thing that will affect the machine is alcohol, that is not the only thing. It is affected by formaldehyde and ether. I don't know whether tobacco is likely to produce either of those. As to whether it would or would not affect the machine if it produced either of those, I don't think it would affect it, really. My personal feeling is that smoke would not affect the breathalyzer.

The court itself elicited this testimony after the parties had completed their examination of the operator. The testimony was offered without forewarning, and apparently without forethought. It stated the mere offhand opinion of the operator, unsupported by scientific data, other substantive evidence, or expert opinion. It was controverted by the other officer who was participating in administration of the test; he testified that the reason for the

regulation was that engaging in the activities which it proscribed "possibly could have some effect on the breathalyzer if it was done just immediately prior to the test. It possibly could give a bad reading."

The conclusion that petitioner's refusal to follow the operator's directive did not constitute refusal to take the test, which conclusion evidently was grounded on the finding that the operator had no reason to believe smoking would affect the reading, in effect constituted judicial review, and negation, of the regulation pursuant to which the operator acted. While the above evidence supports the finding, it did not suffice to permit a finding of fraud, manifest abuse of discretion, or conduct in excess of the lawful authority of the Commission in the adoption of the regulation. The regulation is not, either facially or when considered in light of the foregoing evidence, so clearly unreasonable that its adoption constituted oppressive and manifest abuse of discretion. The court thus erred in effectively reviewing and negating it.

This Court has stated:

[T]he full import of G.S. 20-16.2(c) requires an operator of a motor vehicle, who has been charged with the offense of driving under the influence of intoxicating liquor, to take a breathalyzer test, *which means the person to be tested must follow the instructions of the breathalyzer operator*. A failure to follow such instruction . . . provide[s] an adequate basis . . . to conclude that petitioner willfully refused to take a chemical test of breath in violation of law.

*Bell v. Powell, Comr. of Motor Vehicles*, 41 N.C. App. 131, 135, 254 S.E. 2d 191, 194 (1979) (emphasis supplied). Finding number four, *supra*, which is supported by evidence admitted without objection, and to which neither party has excepted, establishes that the breathalyzer operator clearly instructed petitioner not to smoke, and gave him adequate notice that his smoking would be treated as a willful refusal to take the test. It further establishes that petitioner nevertheless proceeded to smoke. His failure to follow the operator's instructions provides an adequate basis for concluding that he willfully refused to take the test. *Bell, supra*.

We hold that the conclusion that "the willful refusal of Petitioner to follow the directive of the breathalyzer operator to

refrain from smoking did not constitute a refusal to take the breathalyzer test" was erroneous. We so hold on the basis that its effect, in light of the finding on which it was grounded, was to review judicially, and negate, a duly enacted regulation of the Commission for Health Services. Such action is authorized only upon evidence from which the court could find fraud, manifest abuse of discretion, or conduct in excess of lawful authority, *Pharr, supra,* or unreasonableness amounting to oppressive and manifest abuse, *Highway Commission, supra.* No such evidence appears.

We further hold that finding number four, rather than finding number five, should have been the dispositive finding. In light of *Bell, supra,* the correct legal conclusion from that finding is that petitioner willfully refused to take the test.

The order vacating and setting aside the revocation of petitioner's license to drive is therefore reversed, and the cause is remanded for entry of an order affirming the revocation.

Reversed and remanded.

Judges WEBB and HILL concur.